09-2911-pr
Braten v. Kaplan

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of January, two thousand eleven.

**PRESENT: DENNIS JACOBS,**
<u>Chief Judge</u>,
**RICHARD C. WESLEY,**
**DENNY CHIN,**
<u>Circuit Judges</u>.

_____

**MILTON BRATEN**,

> **<u>Plaintiff-Appellant</u>**,

-v.-                                         09-2911-pr

**ELIOT KAPLAN,**

> **<u>Defendant-Appellee</u>**.

_____

**FOR APPELLANT:**          MILTON BRATEN, <u>pro se</u>, Greenville, SC.

**FOR APPELLEE:**                    STEPHEN D. STRAUS, DANIEL G. ECKER,
                                     Traub Lieberman Straus &
                                     Shrewsberry, LLP, Hawthorne, NY.


     **UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

     Plaintiff-Appellant Milton Braten, pro se, appeals from the March 15, 2009 judgment of the United States District Court for the Southern District of New York (Baer, J.) dismissing his complaint for lack of subject matter jurisdiction, and its June 1, 2009 order denying his motion for reconsideration.  We assume the parties' familiarity with the underlying facts and the procedural history of the case.

     This Court reviews the district court's dismissal of a complaint for lack of subject matter jurisdiction de novo, see Bigio v. Coca-Cola Co., 239 F.3d 440, 447 (2d Cir. 2000), and the denial of a motion for reconsideration for abuse of discretion, see Harris v. Kuhlmann, 346 F.3d 330, 357 (2d Cir. 2003).  We review the district court's factual findings regarding domicile--whether there has been a change in residence, and intent of permanence--for clear error. See Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000).  A party seeking diversity jurisdiction bears the burden of establishing that diversity exists.  See Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 322-23 (2d Cir. 2001).  After having reviewed the appellant's contentions on appeal and the record of proceedings below, we affirm for substantially the same reasons stated by the district court in its thorough opinion.

     We have considered Braten's remaining arguments on this appeal and have found them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk